JOHN SATTERLEE ET AL.

*v.*

JOHN CAMERON.

(*Supreme Court of Appeals of Virginia, September, 1882.*)

[Virginia Law Journal, 1883, p. 246.]

Equity Practice—Dissolution of Partnership—Doubt as to Existence of Partnership—Issue Out of Chancery.*

In cases of partnership, where there is an application for a receiver, and upon the evidence there is doubt whether there was a subsisting partnership between the parties, or as to the share of the profits to which the plaintiff is entitled, or as to the dissolution of the partnership by mutual consent at a particular time, the court should direct an issue or issues at law to determine these questions; and the party holding the affirmative in each case is entitled to open and conclude before the jury.

Same—Same—Appointment of Receiver—Principles Governing Court.

The principle upon which a court of equity interferes between partners by appointing a receiver is merely with a view to relief by winding up and disposing of the concern and dividing the profits, and not for the purpose of carrying on the partnership; and therefore a receiver will not generally be appointed unless it appears that the plaintiff will be entitled to a dissolution at the hearing.

Equity Practice—Partnerships—Application for Receiver—When Proper—Case at Bar.

S., P. & C. form a partnership under the firm name of "J. S. &

*See monographic note on "Issue Out of Chancery" appended to Lavell *v.* Gold, 25 Gratt. 473 (Va. Rep. Anno.).

Co.," for the purpose of constructing a portion of the Shenandoah Valley Railroad. While the work is in progress, C. withdraws from the concern, and is subsequently enjoined by S. & P. from interfering with them in the prosecution of the work. Upon an application by C. for a receiver, upon the grounds that he fears the improper use of the firm name by S. & P., and that they will remove the assets of the concern beyond the state: *held*, not a proper case for the appointment of a receiver, C.'s remedy being by injunction.

Appeal from the circuit court of Clark county.

In the spring of 1878, John Satterlee, Hugh H. Penny and John Cameron formed a co-partnership, under the firm name of John Satterlee & Company, for the purpose of undertaking the construction of the Shenandoah Valley Railroad from Shepherdstown, on the Potomac, to Waynesboro, a distance of about one hundred and twenty-five miles, and secured a contract for the work. The agreement of partnership was not reduced to writing, and its exact terms afterwards became a subject of warm contention between the parties; Satterlee and Penny maintaining that it was agreed that Satterlee should fix the share of profits of each partner when the work was completed, and that he did subsequently fix it at 3-7 for Satterlee and 2-7 each for Penny and Cameron; while Cameron contended that the agreement was that they should share equally.

A part of the contract of construction was sublet by John Satterlee & Co. to Clarke & Co., but they reserved that part of the road between Shepherdstown and the Shenandoah river, a distance of about forty-two miles, to be constructed by themselves. The firm then contracted to construct that part of the road between the Shenandoah river and Luray, in Page county, and this contract was entered into solely through the agency of John Cameron. It soon became evident that this last contract would prove a burden and a

loss to the firm, and would probably consume the profits of the other; and shortly after it was undertaken, Cameron notified Satterlee and Penny that he would not consider himself bound by it, nor be responsible for its performance, although he claimed his share of the gains from the reserved work between Shepherdstown and the Shenandoah river, which was certain to prove very profitable. There seems to have resulted an angry dispute between the parties, ending in a new agreement, by which Satterlee and Penny undertook to absolve Cameron from any obligation under the last contract, and to save him harmless from every liability by reason thereof; and in consideration of this, Cameron agreed wholly to withdraw from the firm of John Satterlee & Co., and that the firm as then constituted should in all its relations be absolutely and totally dissolved on and after the date of October 1st, 1879 ; Satterlee and Penny agreeing to complete and carry out all the undertakings of the firm in every respect; and a settlement of all the matters between the persons comprising the firm of John Satterlee & Co., thus agreed to be dissolved, was to be had as soon after October 1st, 1879, as it could reasonably be accomplished.

Notwithstanding this agreement of dissolution, however, Cameron, although he publicly announced that he would take no part in the contract for the construction of the road beyond the Shenandoah river, and although he published a notice in the papers to the same effect, did not obey or observe the same in other respects, but assuming still to have an interest in the undertaking of the firm in the construction of the road on the north side of the Shenandoah river, proceeded in numerous ways to interfere with the same and to obstruct and embarrass Satterlee and Penny, to such an extent that they were compelled to obtain an injunction to stop and restrain him from his acts and doings, which, they

charged, would have resulted in irreparable loss and damage to them.

 ⸱ This injunction was granted on the 6th of October, 1879, the plaintiffs giving bond, with ample security, to indemnify Cameron against any loss. Cameron answered the bill, and subsequently filed a petition or cross-bill, in which he prayed an injunction to restrain Satterlee and Penny, *inter alia*, from using the firm name of John Satterlee & Co., under which they had proceeded to carry out the contract from which Cameron had retired. An injunction to this effect was granted on the 20th of October, 1879.

On the 28th of October, on the motion of Cameron, the circuit court of Clarke county appointed a receiver, who was directed to take charge of all the assets, etc., of the firm of John Satterlee & Co., and to carry out the contracts of construction which the firm had undertaken. From this order Satterlee and Penny appealed, and while this appeal was pending the cause was matured upon the merits in the court below.

The issues made between the parties were as follows: Cameron denied that the contract of partnership was dissolved October 1st, 1879, and he further denied the terms (or rather want of specific terms) of the contract of partnership, and claimed that he was a full and equal partner with Satterlee and Penny. On the other hand Satterlee and Penny contended : First, That the partnership was dissolved by mutual consent on the 1st day of October, 1879 ; Second, That the interest of the several parties was to be fixed by Satterlee whenever the work should be ended or the relations dissolved, and he having fixed the same at 3-7 to Satterlee, 2-7 to Cameron and 2-7 to Penny, the said Cameron was bound by this adjustment. The evidence upon these points was voluminous and irreconcilably conflicting. The circuit court, on the 31st of May, 1881, determined all the issues

in favor of Cameron, and Satterlee and Penny appealed from this decree also.   Both appeals were heard here together.

*M. McCormick* and *Barton & Boyd*, for appellants.

*S. J. C. Moore & Son* and *Holmes Conrad*, for appellee.

STAPLES, J., delivered the opinion of the court.

Held as stated in the headnotes.

Reversed.